UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Emil Chang
Oliver Zhou

Attorneys Present for Defendants:
David Belcher
Shawn Doorhy

**Proceedings:**     MOTION TO DISMISS FOR INSUFFICIENT PROCESS (Dkt. 25, filed on August 30, 2021)

## I.     INTRODUCTION AND BACKGROUND

On March 26, 2021 plaintiff CF Gainesville Investor, LLC, ("CF Gainesville") filed this action against defendants Astronergy Solar, Inc. ("Astronergy"), Chint Power Systems Americas Co. ("Chint Power"), and Chint Solar (Zhejiang) Co. Ltd. ("Chint Solar"). Dkt 1 ("Compl."). Plaintiff's initial complaint asserted claims for: (1) breach of express warranty, (2) breach of implied warranty, (3) fraudulent misrepresentation, (4) violation of California's Unfair Competition Law, ("UCL") Cal. Bus. Prof. Code § 17200, *et seq.*, and (5) violation of California's False Advertising Law ("FAL") Cal. Bus. Prof. Code § 17500, *et seq.* Id.

On April 27, 2021, Astronergy and Chint Power filed a motion to dismiss for lack of subject matter jurisdiction, alleging that CF Gainesville had not pled facts necessary to establish diversity jurisdiction. Dkt. 19 at 3; Fed. R. Civ. Pro. 12(b)(1). On May 24, 2021, CF Gainesville filed an opposition to the motion to dismiss for lack of subject matter jurisdiction. Dkt. 21.

On May 24, 2021, in response to defendants' motion, plaintiff also filed the First Amended Complaint ("FAC") which removed defendants Astronergy and Chint Power as parties, rendering defendants' motion to dismiss moot. Dkt. 23 ("FAC") at 3. Plaintiff's FAC is identical to the original initial complaint except that it deletes defendants Astronergy and Chint Power. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

On August 30, 2021, Chint Solar moved to dismiss CF Gainesville's FAC under Federal Rule of Civil Procedure 12(b)(4). Dkt. 25 ("Mot. to Dismiss"); Fed. R. Civ. Pro. 12(b)(4). In its motion to dismiss, Chint Solar notes it received service of plaintiff's initial complaint at its office in Hangzhou, China on August 9, 2021, but that plaintiff has not served Chint Solar with the FAC. Mot. to Dismiss at 3. On September 21, 2021, CF Gainesville filed an opposition to defendant's motion to dismiss. Dkt. 27 ("Opp."). On September 23, 2021, Chint Solar filed a reply in support of its motion to dismiss.[1] Dkt. 30 ("Reply"). This Court held a hearing on September 27, 2021.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

CF Gainesville is a foreign limited liability company that owns and operates solar photovoltaic generation facilities established under the laws of the State of Delaware with its principal place of business in Florida. Compl. ¶ 1. Defendant Chint Solar is a foreign limited liability company, established in the People's Republic of China, which manufactures, markets, sells, and distributes solar photovoltaic modules involved in the generation and distribution of solar energy in the State of California. Compl. ¶ 4.

On June 15, 2020, plaintiff's three operating companies ("ProjectCos") entered into Commercial PV Installation Contracts with SPG Solar Inc. ("SPG) to engineer, design, install, and procure system components, including Chint Solar CSM6610P-22 Watt or equivalent photovoltaic panels (the "Modules") for solar photovoltaic arrays for installation at a variety of project locations in Gainesville, Florida. FAC ¶ 7. In connection with its obligations under the Commercial PV Installation Contracts, SPG issued several purchase orders to Chint Solar for 10,000 Modules. Id. at ¶ 8. The Modules were paid for by ProjectCos as part of the Commercial PV Installation Contracts. Id. at ¶ 11. Plaintiff alleges that it relied to its detriment on the Module's

---

[1] In its reply, defendant argues that plaintiff's opposition was untimely under Local Rule 7–9. Reply at 2; L.R. 7–9 (oppositions must be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion"). Notwithstanding that the opposition is untimely, the Court considers it. However, plaintiff is admonished to abide by the local rules of the Court in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

Limited Warranty for PV Modules.  Id. at ¶ 13-17.  Plaintiff further alleges that the Modules exhibited catastrophic product and material defects that resulted in a near-complete failure and dramatic under performance of energy production.  Id. at ¶ 18.

### III.   LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital It'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Federal] Rule [of Civil Procedure] 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a[R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  Wasson v. Riverside Cty., 237 F.R.D. 423, 424 (C.D. Cal. 2006) (quoting United States v. Hafner, 421 F.Supp.2d 1220, 1223 n. 3 (D.N.D.)) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1353, pp. 334–35 (3d ed.2004)).

Federal Rule of Civil Procedure ("Rule") 4(b) requires that "a summons must be served with a copy of the complaint."  FRCP 4(b).  When serving an individual in a foreign country, FRCP 4(f) provides that "unless federal law provides otherwise an induvial [] may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."  Fed. R. Civ. Pro. 4(f).

The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  As such, "dismissal is generally not justified absent a showing of prejudice."  Id.;  see also 5A Wright & Miller, Federal Practice and Procedure, § 1353, pp. 334–35 (3d ed.2004)). ("In the case of an objection under Rule 12(b)(4) to the form of the process, the motion will be granted only when the defect is prejudicial to the defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

If service of process is insufficient, the district court has discretion to dismiss an action or quash service.  S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

**IV.   DISCUSSION**

Chint Solar moves to dismiss this action for insufficient service of process.  Chint Solar argues that service of a non-operative complaint cannot constitute proper service. Mot. to Dismiss at 4.  Chint Solar contends that service of the initial complaint by plaintiff on August 9, 2021 had "no legal effect" and that Rule 4 requires service of the operative complaint.  Mot. to Dismiss at 4.  Additionally, Chint Solar argues it will be prejudiced without receiving proper service of the FAC in conformity with the Hague Convention—which requires service of translated documents—because it will not be able to fully understand the allegations against it.  Id.

CF Gainesville responds that Chint Solar has been served with the initial complaint and as such is fully aware of the claims against it in the operative complaint.  Opp. at 3. Plaintiff contends that it successfully went through the required steps to effect service under the Hague Convention by initiating service against Chint Solar on or about April 8, 2021, shortly after the initial complaint was filed.  Opp. at 4.  As such, plaintiff explains that Chint Solar has not been prejudiced because service of the initial complaint ensured defendant received sufficient notice, fully informed it of the claims against it, and gave it the opportunity to retain counsel in its defense.  Id.  In the alternative, plaintiff argues that Chint Solar's counsel should be directed to receive service of the FAC.

The Ninth Circuit has held that the purpose of Rule 4 is to ensure sufficient notice to the party being served, and it should therefore "be liberally construed."  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). "'[S]ubstantial compliance' with Rule 4's service requirements is sufficient so long as the opposing party receives sufficient notice of the complaint."  Straub v. A P Green Inc., 38 F.3d 448, 453 (9th Cir. 1994).

Here, plaintiff has substantially complied with Rule 4's notice requirement.  On or about April 8, 2021, plaintiff initiated the process of serving Chint Solar in China in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

accordance with the Hague Service Convention.  Dkt. 28 ("Chang Decl.") ¶ 3.  On or about August 9, 2021, Chint Solar received service of plaintiff's initial complaint at its office in Hangzhou, China.  Dkt. 26 ("Belcher Decl.") ¶ 4.

Moreover, defendant has not illustrated how it was prejudiced.  Defendant received the complaint, fully translated, see exh. A, in accordance with the Hague Service Convention.  The complaint served on Chint Solar is identical to the FAC.  The only change from the initial complaint to the FAC is the removal of Astronergy and Chint Power as defendants.  Accordingly, defendant's argument that there is no prejudice because of a lack of translation is unsubstantiated.  Defendant has received service of the fully translated complaint and the allegations against it in compliance with Rule 4 and the Hague Convention.  However, plaintiffs have not provided defendant or defendant's counsel with a copy of the FAC.

Moreover, defendant relies on West Coast Theater Corp v. City of Portland for its argument that Rule 4 requires service of the operative complaint.  897 F. 2d 1519, 1529 (9th Cir. 1990).  In West Coast, the court found that the plaintiff's service of an incomplete draft complaint that was seven pages shorter than the complaint filed was not compliant with Rule 4.  Id. at 1529.  This case is distinguishable.  In West Coast, defendants only received an incomplete draft of the complaint causing prejudice because defendants lacked access to all of the claims alleged against them.  Here, Chint Solar received the initial complaint, which is identical to the original complaint in this action except that it deletes the two named defendants referenced above.  As such, Chint Solar has full knowledge of the claims against it.

At oral argument, counsel for defendant stated that neither he nor defendant had been served with a copy of the FAC, but conceded that they had been able to access the FAC on the Court's docket.  The Court therefore directs plaintiff to serve the amended complaint by first-class mail on counsel for defendant David Belcher of Faegre Drinker Biddle and Reath LLP.  The Court finds that if defendant's counsel receives the FAC through first-class mail, defendant will suffer no prejudice, and plaintiff will have substantially complied with Rule 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:21-cv-02654-CAS(RAOx) | Date | September 27, 2021 |
|----------|-------------------------|------|--------------------|
| Title | CF GAINESVILLE INVESTOR, LLC v. CHINT SOLAR (ZHEJIANG) CO. LTD | | |

Accordingly, service will be deemed sufficient if the FAC is served by first-class mail on counsel for defendant.

## V.    CONCLUSION

In accordance with the foregoing, the Court finds and concludes that defendant's motion to dismiss for insufficient process should be DENIED. The Court orders plaintiff to serve the FAC by first-class mail on counsel for defendant.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |