UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present          Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT (Dkt. 49, filed on February 4, 2022)

## I.    INTRODUCTION

On March 26, 2021, plaintiff CF Gainesville Investor, LLC, ("CF Gainesville") filed this action against defendants Astronergy Solar, Inc. ("Astronergy"), Chint Power Systems Americas Co. ("Chint Power"), and Chint Solar (Zhejiang) Co. Ltd. ("Chint Solar"). Dkt 1 ("Compl."). Plaintiff's initial complaint asserted claims for: (1) breach of express warranty, (2) breach of implied warranty, (3) fraudulent misrepresentation, (4) violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200, *et seq.*, and (5) violation of California's False Advertising Law, Cal. Bus. Prof. Code § 17500, *et seq.* Id.

On April 27, 2021, Astronergy and Chint Power filed a motion to dismiss for lack of subject matter jurisdiction, alleging that CF Gainesville had not pled facts necessary to establish diversity jurisdiction. Dkt. 19 at 3; Fed. R. Civ. Pro. 12(b)(1). On May 24, 2021, CF Gainesville filed an opposition to the motion to dismiss for lack of subject matter jurisdiction. Dkt. 21. On May 24, 2021, in response to defendants' motion, CF Gainesville also filed the First Amended Complaint ("FAC") which removed defendants Astronergy and Chint Power as parties, rendering defendants' motion to dismiss moot. Dkt. 23 ("FAC") at 3. CF Gainesville's FAC is identical to the original initial complaint except that it deletes defendants Astronergy and Chint Power. Id.

On August 30, 2021, Chint Solar moved to dismiss CF Gainesville's FAC for insufficient process under Federal Rule of Civil Procedure ("Rule") 12(b)(4). Dkt. 25;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Fed. R. Civ. Pro. 12(b)(4). On September 27, 2021, the Court denied Chint Solar's motion to dismiss for insufficient process and ordered CF Gainesville to serve the FAC by first-class mail on counsel for defendant. Dkt. 31.

On October 15, 2021, Chint Solar again moved to dismiss the FAC, this time for lack of subject matter jurisdiction. Dkt. 32. On November 12, 2021, the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction, finding that plaintiff had pled facts sufficient to establish this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 37.

On November 24, 2021, Chint Solar moved to dismiss the FAC once more, this time based on plaintiff's lack of standing under Rule 12(b)(1). Dkt. 38. On the same day, Chint Solar also moved the Court to reconsider its denial of Chint Solar's previous motion to dismiss for lack of subject matter jurisdiction. Dkt. 39. On January 12, 2022, the Court denied defendant's motion for reconsideration and granted defendant's motion to dismiss for lack of standing with leave to amend. Dkt. 47 at 5. Regarding defendant's motion to dismiss for lack of standing, the Court found that plaintiff had not alleged facts to show that it, rather than its subsidiaries CF Gainesville Owner One, LLC ("GV1"), CF Gainesville Owner Two, LLC ("GV2"), and CF Gainesville Owner Three, LLC ("GV3") had standing to assert claims against defendant. Id. at 7.

On January 21, 2022, plaintiff timely filed the Second Amended Complaint ("SAC"), which remains identical to the FAC, except that it added GV1 and GV2 as plaintiffs and omitted the fraudulent misrepresentation claim for relief. Dkt. 48 ("SAC").

On February 4, 2022, Chint Solar moved to dismiss plaintiffs' SAC for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) based on collateral estoppel. Dkt. 49 ("MTD") at 2. On the same day, in support of its motion to dismiss, defendant filed a request for judicial notice. Dkt. 50. On February 14, 2022, plaintiffs filed their opposition to the motion. Dkt. 51 ("Opp."). On the same day, plaintiffs filed a request for judicial notice. Dkt. 52. On February 21, 2022, defendant filed its reply in support of the motions. Dkt. 53 ("Reply").

On March 7, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

## II.  BACKGROUND

### A.  Plaintiffs' Allegations

Plaintiff CF Gainesville is a foreign limited liability company established under Delaware law with its principal place of business in Florida. SAC ¶ 1. None of its members are citizens of the People's Republic of China ("PRC"). Id. Plaintiffs GV1 and GV2 are both foreign limited liability companies established under Florida law and none of their members are citizens of the PRC. Id. ¶¶ 2-3. Defendant Chint Solar is a foreign limited liability company established in the PRC, which sells solar photovoltaic modules and other components used for solar energy generation and distribution in the United States and California. Id. ¶ 4.

CF Gainesville alleges it owns 100 percent membership interest in three operating companies, plaintiff GV1, plaintiff GV2, and GV3. Id. ¶ 7. These companies were formed to operate solar projects in Gainesville, Florida. Id. Plaintiffs assert that GV3 has dissolved and that prior to GV3's dissolution it assigned all of its rights, warranties, titles, claims, and interests to CF Gainesville. Id.

Plaintiffs allege that Chint Solar is a foreign limited liability company that manufactures, sells, markets, and distributes solar photovoltaic modules, operating under the CHINT Group Co., Ltd. umbrella. Id. ¶ 8. Plaintiffs state that GV1 entered into multiple contracts (the "Contracts") with SPG Solar, Inc. ("SPG") to engineer, design, install, and procure Chint Solar's photovoltaic panels (the "Modules") for installation at six project locations in Gainesville, Florida (the "Gainesville sites"). Id. ¶ 9. The Contracts assigned the manufacturers' warranty for the Modules to GV1. Id. ¶ 10.[1]

Plaintiffs allege that the Modules carried Chint Solar's Limited Warranty for PV Modules (the "Module Warranty"). Id. ¶ 16. This Module Warranty provides that "[i]f a module is found defective in material or workmanship, Chint Solar will . . . repair or replace the module or replace the purchase price paid by the customer" (the "Product

---

[1] When the Contracts were executed, all six Gainesville sites were owned by GV1, but subsequently, two sites were conveyed to GV2, and another two sites were conveyed to GV3. SAC ¶ 11. Subsequently, GV3 dissolved, and all of its rights and interests were assigned to CF Gainesville. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Warranty"). Id. ¶ 17. The Module Warranty also states that if within 10 years from the date of shipment, any modules exhibit a power output less than 90 percent of the minimal "Peak Power at STC" or if within 25 years, any modules exhibit a power output less than 80 percent of the minimal "Peak Power at STC," Chint Solar will replace such loss in power by either providing additional modules or replacing defective ones (the "Performance Warranty"). Id. ¶ 18.

Plaintiffs state that on November 4, 2013, a fire occurred on the roof of a building covered by some of the Modules. Id. ¶ 24. Plaintiffs sought recourse for this fire from defendant and defendant denied culpability. Id. Investigations revealed that the fire was likely caused by a spark from a loose wire. Id. ¶ 25. Plaintiffs conducted an inspection of the remaining Modules after the fire and did not find any evidence of defects relating to energy production. Id. ¶ 25.

Plaintiffs state that in October 2020, they realized the Modules were exhibiting catastrophic product and material defects that resulted in near-complete failure and under-performance in energy production and promptly notified defendant of its breach of the Product Warranty and Performance Warranty. Id. ¶¶ 21, 26, 43. Plaintiffs issued an amended claim notice by letter to defendant dated December 22, 2020. Id. ¶ 26. The original complaint was filed on March 26, 2021. Dkt. 1. Plaintiffs claim that to date, defendant has neither acknowledged the validity of the claim nor provided plaintiffs with remedies sought thereunder. SAC ¶ 28.

### B. The State Action

On September 29, 2021, CF Gainesville Investor, GV1, and GV2 filed their first amended complaint in Los Angeles Superior Court (the "state action") against Chint Power and Astronergy. Dkt. 50-1 at 1. In the complaint, plaintiffs brought claims for: (1) breach of express warranty; (2) breach of implied warranty; (3) fraudulent misrepresentation; (4) violation of California's unfair competition law; and (5) violation of California's false advertising law. Id. at 2-3. Chint Power and Astronergy demurred to all causes of action. Id. at 3. The Superior Court sustained the demurrer without leave to amend for all claims except for the express warranty claims, finding that plaintiffs lacked standing to sue Astronergy and Chint Power because SPG Solar, Inc. ("SPG") was the one who purchased the modules at issue from Chint Solar. Id. at 6. The Superior Court also found that GV1 and GV2 could potentially have standing to bring a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

breach of express warranty because SPG assigned the Module Warranty to ProjectCos, and ProjectCos consisted of GV1, GV2, and GV3. Id. Accordingly, GV1 and GV2 were granted leave to amend this claim. Id. at 6.

On February 16, 2022, GV1 and GV2 filed a second amended complaint in the state action.[2] Dkt. 53-1. In that complaint, CF Gainesville is no longer a plaintiff, and GV1 and GV2 bring a claim for breach of express warranty against Astronergy, Chint Power, and Chint Solar, id. at 15, and a claim for breach of implied warranty against Chint Solar, id. at 16.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright &

---

[2] In the SAC in the state action, GV1 and GV2 bring many of the same claims against Chint Solar as they do in this action, including claims for breach of express and implied warranty; however, in the state action, plaintiffs do not bring claims for violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200, et seq., or violation of California's False Advertising Law, Cal. Bus. Prof. Code § 17500, et seq. Dkt. 53-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2021). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

**B.     Motion to Dismiss for Failure to State a Claim**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Where a court converts a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

## IV.  DISCUSSION

### A.  Request for Judicial Notice

Chint Solar requests the Court take judicial notice of (1) the Los Angeles Superior Court's January 27, 2022 order in CF Gainesville Investor, LLC et al. v. Astronergy Solar, Inc. et al., Case No. 21-PSCV-0058 ("Ex. A|"); (2) the Declaration of Stanley Chin filed in this action, dkt. 42 ("Ex. B"); (3) CF Gainesville Investor, LLC's Certification and Notice of Interested Parties filed in this action, dkt. 12 ("Ex. C"); (4) a copy of Clean Focus Yield LLC's website homepage ("Ex. D"); (5) a copy of the biography of Clean Focus Yield LLC's Vice President of Business Development ("Ex. E"); (6) a copy of the "About" section of Clean Focus Yield LLC's website ("Ex. F").  Dkt. 50.

CF Gainesville requests that the Court take judicial notice of (1) this Court's January 7, 2022 order on defendant's motion to dismiss for lack of standing and motion for reconsideration, dkt. 46, and (2) the Los Angeles Superior Court's January 27, 2022 order, Case No. 21-PSCV-0058.  Dkt. 52.

Pursuant to the Federal Rules of Evidence, the Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

Here, the parties do not oppose each other's requests for judicial notice.  "[U]nder Federal Rule of Evidence 201, a court may take judicial notice of matters of public record."  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Federal courts can "take notice of proceedings in other courts, both within and [outside of] the federal judicial system, if those proceedings have a direct relation to the matters at issue."  San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (quoting U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  As such, the Court takes judicial notice of the Los Angeles Superior Court's January 27, 2022 order.[3]

---

[3] It is not necessary for the Court to take judicial notice of its own January 7, 2022 order on defendant's motion to dismiss for lack of standing, dkt. 46, because the Court is able to consider the records of this Court, including its own prior judgments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Further, documents on "publicly available websites" are proper subjects of judicial notice. See Calhoun v. Google LLC, No. 20-CV-05146-LHK, 2021 WL 1056532, at *5 (N.D. Cal. Mar. 17, 2021). Courts may also take judicial notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation and internal quotations omitted). Here, Exhibits D, E, and F, are publicly available websites, and Exhibit B is referenced in the SAC, and neither party disputes any of the exhibits' authenticity. Accordingly, the Court takes judicial notice of Exhibits A, B, C, D, E, and F. While the Court takes judicial notice of the parties' exhibits, it does not accept them for the truth of the matters asserted therein. See Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001).

In accordance with the foregoing, the Court **GRANTS** plaintiff's and defendants' unopposed requests for judicial notice.

**B.    GV1 and GV2**

As a preliminary matter, defendant contends that GV1's and GV2's claims should be stricken from the SAC because they failed to comply with Rule 24 by not filing a motion to intervene. MTD at 6; Fed. R. Civ. P. 24.

The Court finds that GV1 and GV2 should not be stricken as parties. The Court's January 7, 2022 order, dkt. 47, granting defendant's motion to dismiss for lack of standing gave plaintiff leave to amend to add the proper plaintiffs. Therefore, the Court finds that filing a separate motion asking for permission to add GV1 and GV2 would be redundant, as the Court's order permitted GV1 and GV2 to be joined as plaintiffs.

Accordingly, defendant's request that GV1's and GV2's claims be stricken from the SAC is **DENIED.**

**C.    Diversity Jurisdiction**

Defendant argues that the SAC does not establish that the Court has diversity jurisdiction under 28 U.S.C. § 1332. MTD at 6. Defendant reiterates the argument it made in its previous motion, contending that the SAC only states that CF Gainesville and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

its members are not citizens of the PRC without affirmatively alleging the citizenship of each member of the LLC. Id.

Defendant further contends that there is reason to question CF Gainesville's jurisdictional allegations because Stanley Chin's declaration, see Dkt. 12, asserts that Clean Focus Yield LLC ("Clean Focus") is the sole member of CF Gainesville, and Clean Focus's alleged website, www.cleanfocus.com, states it has offices and operates solar projects in China, has a sister company in China, and arranged China state-owned enterprises to invest in U.S. solar projects. MTD at 6-7. Further, defendant argues that plaintiff does not identify Clean Focus' or Greenskies' citizenship or the citizenship of their members, making it impossible for the Court to determine whether diversity jurisdiction exists. Id. at 7. Defendant argues that the Court should either grant defendant's motion to dismiss or require CF Gainesville to respond to jurisdictional discovery requests. Id.

Plaintiffs contend that the SAC, in connection with Stanley Chin's declaration which lists the specific citizenship of each LLC member, establish that neither the plaintiffs nor any of their members are citizens of the PRC, and that defendant is a PRC company. Opp. at 10;; Dkt. 42-1 ¶ 3. Plaintiffs assert that pursuant to the Court's January 7, 2022 order, see Dkt. 32, these allegations are sufficient to establish diversity. Opp. at 11.

Plaintiffs also argue that jurisdictional discovery is unnecessary because there are no facts relating to diversity jurisdiction that are in question. Id. Plaintiffs argue that the information found on www.cleanfocusyield.com is irrelevant to the question of diversity because not only is that not plaintiffs' website, but also at face value defendant's claims regarding what the website suggests do not put into question the citizenship of CF Gainesville's members. Id. at 12.

For diversity jurisdiction to exist, the amount in controversy needs to exceed $75,000 and the parties must be of diverse citizenship. 28 U.S.C. § 1332. As relevant here, for diversity purposes, an "LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

The Court finds that plaintiffs' statement in the SAC that none of its members are citizens of the People's Republic of China, in conjunction with Stanley Chin's declaration that lists the citizenship of plaintiffs' members, see Dkt. 42-1, establish diversity jurisdiction. In its October 25, 2021 order on defendant's motion to dismiss for lack of subject matter jurisdiction, the Court already held that "CF Gainesville's allegation in the FAC that none of its members are citizens of the People's Republic of China, in conjunction with the declaration [] which lists the citizenship of plaintiff LLC's members, establish subject matter jurisdiction." Dkt. 37; see McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) ("[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."). Therefore, as the Court previously noted, the Court may consider Chin's declaration for determining diversity jurisdiction.

Moreover, on January 10, 2022, the Court denied defendant's motion for reconsideration on its motion to dismiss for lack of jurisdiction. Dkt. 47. Here, defendant restates its argument, this time regarding the SAC, instead of the FAC. However, the SAC does not materially alter the FAC for purposes of establishing diversity jurisdiction. The new allegations defendant raises regarding the Clean Focus and Greenskies do not alter the Court's previous holding because the citizenship of all members of plaintiffs' LLC have already been pled, establishing diversity.

In his declaration, Chin stated, under the penalty of perjury, that as the Chief Executive Officer of Clean Focus, the sole member of CF Gainesville, he had personal knowledge of the citizenship *of all of the shareholders of CF Gainesville*, and provided their specific state citizenship: Delaware, Illinois, Massachusetts, Maryland, Michigan, New York, Ohio, and Virginia. Chin Decl. (emphasis added). This list necessarily includes the citizenship of both Clean Focus' and Greenskies' members. Further, defendant's argument that information on www.cleanfocusyield.com suggests that plaintiffs' members may be PRC citizens is unpersuasive — simply because a company does business in the PRC and has connections there does not mean that its members are PRC citizens. Accordingly, complete diversity of citizenship has been established and there is no basis on which to grant jurisdictional discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Based on the foregoing, the defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

### D.  Collateral Estoppel

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995). "Federal courts apply the collateral estoppel doctrine of the state where the judgment was rendered." N. Improvement Co. v. United States, 398 F. Supp. 3d 509, 527 (D. Ariz. 2019) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). In order to apply the doctrine of collateral estoppel in California, "(1) the issue must be identical to that decided in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided in the prior proceeding; (4) the decision must have been final and on the merits; and (5) preclusion must be sought against a person who was a party or in privity with a party to the prior proceeding." Alvarez v. May Dep't Stores Co., 143 Cal. App. 4th 1223, 1233 (2006).

Defendant argues that the doctrine of collateral estoppel bars CF Gainesville's claims here.[4] MTD at 13. Defendant contends that all five elements of collateral estoppel are met because (1) the issue of CF Gainesville's standing to assert claims is the same issue that the Los Angeles Superior Court ruled upon in the state action; (2) CF Gainesville litigated its standing in response to Astronergy and Chint Power's demurrer in the state action; (3) standing was necessarily decided in the state action because it is a threshold issue; (4) the Superior Court's decision sustaining the demurrer was a final judgment on the merits because the parties were "'fully heard'" on the issue of standing, the Superior Court supported its ruling with a written opinion, and the order sustaining the demurrer was "'not avowedly tentative,'" (quoting Border Bus. Park, Inc. v. City of San Diego, 142 Cal. App. 4th 1538, 1565 (2006)); and (5) CF Gainesville was a party in the state action and the party against whom preclusion is sought. Id. at 13-14. Defendant also argues that GV1's and GV2's implied warranty and statutory claims are barred by collateral estoppel because the Superior Court sustained Astronergy and Chint Power's

---

[4] During oral argument, counsel for defendant requested supplemental briefing on the issue of collateral estoppel. The Court granted defendant's request for supplemental briefing on this narrow issue, limited to 5 pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

demurrer against GV1 and GV2 for these claims, determining they lacked standing. Id. at 15.

Plaintiffs respond that collateral estoppel is not applicable in this case. Opp. at 13. Plaintiffs contend that the first element of collateral estoppel is not met because the issue of standing between plaintiffs and defendant in the present case, Chint Solar, is not identical to the issue of standing between plaintiffs and defendants in the state action, Astronergy and Chint Power. Plaintiffs contend that the defendant here, Chint Solar, has not appeared in the state action, and unlike in the state action, plaintiffs have privity of contract with defendant in this case. Id. at 14. Plaintiffs further argue that defendant does not satisfy the second, third, or fourth elements of collateral estoppel either, because the issue was not actually litigated nor decided in the prior proceeding, and as such there has been no final judgment on the merits. Id. at 14-15.

In its reply and supplemental brief, defendant argues that there has been a final judgment on the issue of standing between plaintiffs and Chint Solar because an order sustaining a demurrer without leave to amend is a "'final judgment for purposes of issue preclusion.'" Reply at 8 (quoting Border Bus. Park, 142 Cal. App. 4th at 1564); dkt. 57.

The Court finds that collateral estoppel is inapplicable here. First, defendant cannot establish that the issues are identical. In the state action, the Superior Court held that because SPG purchased the modules from Chint Solar, SPG was the proper party to bring the implied warranty and statutory claims, not CF Gainesville. At the time, the Superior Court was unaware that GV3 had assigned its rights to CF Gainesville, and as such, the Superior Court dismissed without leave to amend for CF Gainesville, but allowed leave to amend for GV1 and GV2 on their express warranty claims.[5] Significantly, the defendants in the state action are Astronergy Solar Inc. and Chint Power Systems American Co., whereas the defendant in the present case is Chint Solar Co. Ltd.[6] Dkt. 57-1. Therefore, the issue of the proper party to bring claims in the state

---

[5] Plaintiff has filed a third amended complaint in the state action to readmit CF Gainesville as a plaintiff, alleging that when GV3 was dissolved it assigned its rights to CF Gainesville. Dkt. 57-1.

[6] Defendant in the federal action, Chint Solar, is not a party in the state court action yet because it is still in the process of being served through the Hague Convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

action is distinct from the proper party to bring claims against Chint Solar in the federal action. The privity of contract issue, which the Superior Court rested its reasoning on, is different between the respective parties here. SPG did not purchase orders directly from Astronergy or Chint Power, the defendants that filed the demurrer in the state action, and therefore there was no privity of contract between SPG and the defendants in the Superior Court case. However, because SPG issued purchase orders directly from Chint Solar, the defendant in this case, SPG is in privity of contract with the defendant here. Accordingly, the standing issue before the Superior Court is not applicable here.

Moreover, defendant cannot show that there is a final judgment on the merits in the state action. In California, "[t]he final judgment prerequisite" to applying collateral estoppel "requires that the time for seeking a new trial or appealing the judgment has expired and any appeal is final. In other words, the judgment is not final and preclusive if it is still subject to direct attack." People v. Burns, 198 Cal. App. 4th 726, 731 (2011), as modified on denial of reh'g (Sept. 13, 2011). "A judgment is the final determination of the rights of the parties when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." Dana Point Safe Harbor Collective v. Superior Ct., 51 Cal. 4th 1, 5 (2010) (internal quotation marks and citations omitted). Here, there is no basis for finding collateral estoppel applicable because there has been no final judgment in the state action. See Burns, 142 Cal. App. 4th at 1565.

Defendant relies on Border Bus. Park for the proposition that an "order sustaining [a] demurrer" is a final judgment and "precludes relitigation of the issues already adjudicated." Id. Defendant's reliance on Border Bus. Park is misplaced. While the Court agrees with defendant that, as stated by the court in Border Bus. Park, an order sustaining a demurrer *can* be a final judgment, it is only final if the court sustains the demurrer as to all claims and as to all parties, rendering the decision appealable. See id. (finding that "if Border had wished to challenge the ruling, it could have requested entry of judgment and appealed the dismissal of its cross-complaint"). In Border Bus. Park, the trial court sustained a demurer without leave to amend as to all of plaintiffs' claims, whereas here, the Superior Court sustained the demurrer in part, permitting leave to amend for plaintiffs GV1 and GV2 as to their breach of express warranty claims. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Here, because the order sustaining the demurrer without leave to amend does not apply to all claims and all parties, it is not appealable, and therefore it is not a final judgment on the merits for purposes of issue preclusion. See Lauderdale v. U & I Equip. Co., 271 Cal. App. 2d 140, 142 (1969) ("An order determining an issue in a case, but not all issues, even though final for the purpose of further proceedings in the trial, is not a judgment; is not appealable; and may be reviewed only on appeal from the final judgment in the action.") (internal quotation marks and citations omitted); People v. Superior Court (Gregory), 129 Cal. App. 4th 324, 330 (2005) ("The one final judgment rule is a fundamental principle [] that prohibits review of intermediate rulings by appeal until final resolution of the case. The theory underlying the rule is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.") (internal quotation marks and citations omitted). Cf. Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

Accordingly, the Court finds that defendant's collateral estoppel defense fails.

**E.    Statute of Limitations**

Defendant asserts that GV1's and GV2's breach of express warranty claims are barred by the terms of the Module Warranty, which required all claims arising under it to be brought within one year of the claims' accrual.[7] MTD at 16. Here, defendant contends, the face of the SAC demonstrates that any claim under the Module Warranty accrued in November 2013, or no later than October 2020. Id. Accordingly, defendant argues that because GV1 and GV2 only asserted claims against Chint Solar when they were added as plaintiffs in the SAC filed on January 21, 2022, their claims are time-barred. Id.

---

[7] During oral argument, counsel for defendant requested supplemental briefing on this issue. The Court granted defendant's request for supplemental briefing, limited to 5 pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Plaintiffs assert that defendant's arguments fail because (1) defendant is attempting to confuse the date of discovery of the defective modules with the date of the breach of the express warranty; and (2) even if October 2020 was the date of accrual and limitations period, GV1 and GV2's claims are subject to the relation-back doctrine. Opp. at 16. Regarding the first point, plaintiffs contend that they notified defendant immediately upon discovery of the defective modules in October 2020, and that the breach accrued in March 2021, when it became clear that defendant would not honor its warranty. Id. Therefore, plaintiffs argue that GV1's and GV2's claims were tolled until March 2021, under the doctrine of equitable tolling. Dkt. 57. Regarding the second point, plaintiffs argue that GV1's and GV2's claims are identical to the claims asserted in the original complaint, and therefore relate back to the date of the original complaint. Id.

Defendant responds that the relation-back doctrine is not applicable here because plaintiffs cannot rely on this doctrine to be added to a suit after the statute of limitations has expired "when they seek 'to enforce an independent right or to impose greater liability upon the defendant.'" Reply at 11 (quoting Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256, 1278 (2006)). Because GV1 and GV2 are attempting to assert the rights assigned to them by SPG and are allegedly imposing greater liability on Chint Solar by asserting additional claims, defendant contends that the relation-back doctrine should not apply. Id. at 12. Further, in their supplemental briefing, defendant argues that the doctrine of equitable tolling should not apply because the record does not contain facts nor allegations supporting a later accrual date or equitable tolling. Dkt. 56.

First, the Court notes that because plaintiffs pled in their complaint that the breach of warranty claim accrued in October 2020 when plaintiffs discovered the defect, plaintiffs are unable now to argue that the accrual date is in fact March 2021, the date in which plaintiffs filed the complaint. SAC ¶ 26. Assertions in pleadings "are generally binding on the parties and the Court." In re Bakersfield Westar Ambulance, Inc., 123 F. 3d 1243, 1248 (9th Cir. 1997) (internal citation omitted). In a Fed. R. Civ. P. 12(b)(6) motion, the Court is limited in what it may consider. Thomas v. Davis, 295 F. 3d 890, 897 n. 3 (9th Cir. 2002) (observing, "in general, material outside the pleadings cannot be considered in ruling on a motion to dismiss . . . .") (internal citations omitted). Consequently, plaintiffs have not alleged sufficient facts in their complaint to enable the Court to adopt plaintiffs' new, later accrual date. In order to make an equitable tolling argument, plaintiffs would need to seek leave to amend the SAC and plead facts showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

that although plaintiffs discovered the defects in the Modules in October 2020, the one year statute of limitations for bringing the claim was tolled until March 2021, when it became clear that defendant was not going to honor the terms of the warranty. "[E]quitable tolling is available when there is timely notice and lack of prejudice to the defendant and reasonable and good faith conduct by the plaintiff." Bjorndal v. Superior Ct., 211 Cal. App. 4th 1100, 1107 (2012).

Therefore, the Court finds the appropriate accrual date is October 2020. The Court finds that even with this earlier accrual date, plaintiffs do not need to rely on the doctrine of equitable tolling in order for GV1's and GV2's claims—filed in January 2022, over a year after the accrual date—to be timely, because GV1 and GV2's claims are subject to the relation back doctrine. As alleged in the SAC, if plaintiff's claims accrued in October 2020, GV1's and GV2's claims are timely because they relate back to the date of the original complaint, which was filed on March 26, 2021, less than a year from the accrual date of October 2020. Under Fed. R. Civ. P. 15(c)(1)(C), "an amendment to a pleading relates back to the date of the original pleading when [] the amendment changes the party or the naming of the party against whom the claim is asserted," if "the party to be brought in by amendment [] received such notice of the action that it will not be prejudiced in defending on the merits; and [] knew or should have known the action would have been brought against it."

Under California law, a new plaintiff can use the relation back doctrine to be added to a suit after the statute of limitations has expired as long as they do not seek "to enforce an independent right or to impose greater liability upon the defendant." Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256, 1278 (2006) (internal citations omitted). "The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading." Garrison v. Bd. of Directors, 36 Cal. App. 4th 1670, 1678 (1995), as modified on denial of reh'g (Aug. 16, 1995). Here, GV1 and GV2 were added as plaintiffs to the SAC in response to the court's order regarding lack of standing, and they are bringing the same claims asserted in the original complaint, based on the same facts. As such, the Court finds GV1 and GV2 are seeking to enforce the same right as the original plaintiff, not an independent right.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | April 22, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC v. ASTROENERGY SOLAR, INC. ET AL. | | |

Accordingly, the motion to dismiss for failure to state a claim is **DENIED**.

### V.  CONCLUSION

In accordance with the foregoing, the Court:

(1) **DENIES** defendant's motion to dismiss for lack of subject matter jurisdiction; and

(2) **DENIES** defendant's motion to dismiss for failure to state a claim.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |