UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 60, filed on MAY 5, 2022)

## I.   INTRODUCTION

On March 26, 2021, plaintiff CF Gainesville Investor, LLC, ("CF Gainesville") filed this action against defendants Astronergy Solar, Inc. ("Astronergy"), Chint Power Systems Americas Co. ("Chint Power"), and Chint Solar (Zhejiang) Co. Ltd. ("Chint Solar"). Dkt 1 ("Compl."). Plaintiff's initial complaint asserted claims for: (1) breach of express warranty, (2) breach of implied warranty, (3) fraudulent misrepresentation, (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200, *et seq.*, and (5) violation of California's False Advertising Law ("FAL"), Cal. Bus. Prof. Code § 17500, *et seq.* Id.

On April 27, 2021, Astronergy and Chint Power filed a motion to dismiss for lack of subject matter jurisdiction, alleging that CF Gainesville had not pled facts necessary to establish diversity jurisdiction. Dkt. 19 at 3; Fed. R. Civ. Pro. 12(b)(1). On May 24, 2021, CF Gainesville filed an opposition to the motion to dismiss for lack of subject matter jurisdiction. Dkt. 21. On May 24, 2021, in response to defendants' motion, CF Gainesville also filed the First Amended Complaint ("FAC") which removed defendants Astronergy and Chint Power as parties, rendering defendants' motion to dismiss moot. Dkt. 23 ("FAC") at 3. CF Gainesville's FAC is identical to the original initial complaint except that it deletes defendants Astronergy and Chint Power. Id.

On August 30, 2021, Chint Solar moved to dismiss CF Gainesville's FAC for insufficient process under Federal Rule of Civil Procedure ("Rule") 12(b)(4). Dkt. 25;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Fed. R. Civ. Pro. 12(b)(4). On September 27, 2021, the Court denied Chint Solar's motion to dismiss for insufficient process and ordered CF Gainesville to serve the FAC by first-class mail on counsel for defendant. Dkt. 31.

On October 15, 2021, Chint Solar again moved to dismiss the FAC, this time for lack of subject matter jurisdiction. Dkt. 32. On November 12, 2021, the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction, finding that plaintiff had pled facts sufficient to establish this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 37.

On November 24, 2021, Chint Solar moved to dismiss the FAC once more, this time based on plaintiff's lack of standing under Rule 12(b)(1). Dkt. 38. On the same day, Chint Solar also moved the Court to reconsider its denial of Chint Solar's previous motion to dismiss for lack of subject matter jurisdiction. Dkt. 39. On January 12, 2022, the Court denied defendant's motion for reconsideration and granted defendant's motion to dismiss for lack of standing with leave to amend. Dkt. 47 at 5. Regarding defendant's motion to dismiss for lack of standing, the Court found that plaintiff had not alleged facts to show that it, rather than its subsidiaries CF Gainesville Owner One, LLC ("GV1"), CF Gainesville Owner Two, LLC ("GV2"), and CF Gainesville Owner Three, LLC ("GV3") had standing to assert claims against defendant. Id. at 7.

On January 21, 2022, plaintiff timely filed the operative Second Amended Complaint ("SAC"), which is identical to the FAC, except that it adds GV1 and GV2 as plaintiffs and omits the fraudulent misrepresentation claim for relief. Dkt. 48 ("SAC").

On February 4, 2022, Chint Solar moved to dismiss plaintiffs' SAC for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) based on collateral estoppel. Dkt. 49 ("MTD") at 2. On April 22, 2022, the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction, finding that complete diversity of citizenship has been established. Dkt. 53 ("Order re MTD on SAC") at 11. Further, the Court found that defendant's collateral estoppel defense fails because "defendant [could not] show that there is a final judgment on the merits in the state action." Id. at 14. Lastly, the Court found that defendant's statute of limitations claim fails because the added claims "relate back to the date of the original complaint." Id. at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

On May 6, 2022, defendant filed an answer to the SAC. Dkt. 59. On the same day, defendant filed a motion for judgment on the pleadings as to the following claims: (1) breach of implied warranty, (2) violation of California's Unfair Competition Law, and (3) violation of California's False Advertising Law. Dkt. 61 ("MJP"). On May 9, 2022, defendant filed an amended answer. Dkt. 62. On May 16, 2022, plaintiffs filed an opposition to defendant's motion. Dkt. 64 ("Opp."). On May 23, 2022, defendant filed a reply. Dkt. 65 ("Reply").

On June 6, 2022, the Court held a hearing. During the hearing, the Court granted defendant's request to file a supplemental briefing. Dkt. 67. On June 16, 2022, defendant filed its supplemental briefing. Dkt. 68 ("Supp. Brief"). On June 27, 2022, plaintiffs filed a reply in opposition to the supplemental briefing. Dkt. 69 ("Opp. to Supp. Brief").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Plaintiffs' Allegations

Plaintiff CF Gainesville is a foreign limited liability company established under Delaware law with its principal place of business in Florida. SAC ¶ 1. None of its members are citizens of the People's Republic of China ("PRC"). Id. Plaintiffs GV1 and GV2 are both foreign limited liability companies established under Florida law and none of their members are citizens of the PRC. Id. ¶¶ 2-3. Defendant Chint Solar is a foreign limited liability company established in the PRC, which sells solar photovoltaic modules and other components used for solar energy generation and distribution in the United States and California. Id. ¶ 4.

CF Gainesville alleges it owns 100 percent membership interest in three operating companies, plaintiff GV1, plaintiff GV2, and GV3. Id. ¶ 7. These companies were formed to operate solar projects in Gainesville, Florida. Id. Plaintiffs assert that GV3 has dissolved and that prior to GV3's dissolution it assigned all of its rights, warranties, titles, claims, and interests to CF Gainesville. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Plaintiffs allege that defendant Chint Solar is a foreign limited liability company that manufactures, sells, markets, and distributes solar photovoltaic modules, operating under the CHINT Group Co., Ltd. umbrella. Id. ¶ 8. Plaintiffs state that GV1 entered into multiple contracts (the "contracts") with non-party SPG Solar, Inc. ("SPG") to engineer, design, install, and procure Chint Solar's photovoltaic panels (the "modules") for installation at six project locations in Gainesville, Florida (the "Gainesville sites"). Id. ¶ 9. The contracts assigned the manufacturers' warranty for the Modules to GV1. Id. ¶ 10.[1]

Plaintiffs allege that the modules carried Chint Solar's Limited Warranty for PV Modules (the "Module Warranty"). Id. ¶ 16. This Module Warranty provides that "[i]f a module is found defective in material or workmanship, Chint Solar will . . . repair or replace the module or replace the purchase price paid by the customer" (the "Product Warranty"). Id. ¶ 17. The Module Warranty also states that if within 10 years from the date of shipment, any modules exhibit a power output less than 90 percent of the minimal "Peak Power at STC" or if within 25 years, any modules exhibit a power output less than 80 percent of the minimal "Peak Power at STC," Chint Solar will replace such loss in power by either providing additional modules or replacing defective ones (the "Performance Warranty"). Id. ¶ 18.

Plaintiffs state that on November 4, 2013, a fire occurred on the roof of a building covered by some of the modules. Id. ¶ 24. Plaintiffs sought recourse for this fire from defendant, and defendant denied culpability. Id. Investigations revealed that the fire was likely caused by a spark from a loose wire. Id. ¶ 25. Plaintiffs conducted an inspection of the remaining modules after the fire and did not find any evidence of defects relating to energy production. Id. ¶ 25.

Plaintiffs state that in October 2020, they realized the modules were exhibiting catastrophic product and material defects that resulted in near-complete failure and under-performance in energy production and promptly notified defendant of its breach of

---

[1] When the contracts were executed, all six Gainesville sites were owned by GV1, but subsequently, two sites were conveyed to GV2, and another two sites were conveyed to GV3. SAC ¶ 11. Subsequently, GV3 dissolved, and all of its rights and interests were assigned to CF Gainesville. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

the Product Warranty and Performance Warranty. Id. ¶¶ 21, 26, 43. Plaintiffs issued an amended claim notice letter to defendant dated December 22, 2020. Id. ¶ 26. Plaintiffs claim that to date, defendant has neither acknowledged the validity of their claim nor provided plaintiffs with remedies sought thereunder. SAC ¶ 28.

> **B.   The State Action**

On September 29, 2021, CF Gainesville Investor, GV1, and GV2 filed their first amended complaint in Los Angeles Superior Court (the "state action") against Chint Power and Astronergy. Dkt. 50-1 at 1. In the complaint, plaintiffs brought claims for: (1) breach of express warranty; (2) breach of implied warranty; (3) fraudulent misrepresentation; (4) violation of California's Unfair Competition Law; and (5) violation of California's False Advertising Law. Id. at 2-3. Chint Power and Astronergy demurred to all causes of action. Id. at 3. The Superior Court sustained the demurrer without leave to amend for all claims except for the express warranty claims, finding that plaintiffs lacked standing to sue Astronergy and Chint Power because SPG Solar, Inc. ("SPG") was the one who purchased the modules at issue from Chint Solar. Id. at 6. The Superior Court also found that GV1 and GV2 could potentially have standing to bring a claim for breach of express warranty because SPG assigned the Module Warranty to ProjectCos, and ProjectCos consisted of GV1, GV2, and GV3. Id. Accordingly, GV1 and GV2 were granted leave to amend this claim. Id. at 6.

On February 16, 2022, GV1 and GV2 filed a second amended complaint in the state action.[2] Dkt. 53-1. In that complaint, CF Gainesville is no longer a plaintiff, and GV1 and GV2 bring a claim for breach of express warranty against Astronergy, Chint Power, and Chint Solar, id. at 15, and a claim for breach of implied warranty against Chint Solar, id. at 16.

---

[2] In the SAC in the state action, GV1 and GV2 bring many of the same claims against Chint Solar as they do in this action, including claims for breach of express and implied warranty; however, in the state action, plaintiffs do not bring claims for violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200, et seq., or violation of California's False Advertising Law, Cal. Bus. Prof. Code § 17500, et seq. Dkt. 53-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

## III. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

Chint Solar argues that the Court should dismiss plaintiffs' (1) Unfair Competition Law claim; (2) False Advertising Law claim; and (3) breach of implied warranty claim. MJP at 3. Chint Solar contends that the UCL and FAL claims should be dismissed because plaintiffs lack standing to assert these claims. Moreover, Chint Solar argues that the breach of implied warranty claim is time-barred. MJP at 3-5. The Court evaluates each of these arguments in turn.

### A. Standing

Defendant argues that because non-party SPG Solar, Inc.—not plaintiffs—purchased the modules at issue, plaintiffs' UCL and FAL claims fail. MJP at 3. Defendant contends that because SPG purchased the modules, plaintiffs cannot establish actual reliance for purposes of plaintiffs' fraud claim under the UCL. MJP at 5. Further, defendant argues that the only entity that could have suffered an "injury in fact" by defendant's alleged misrepresentations is SPG. MJP at 5.

In support of its argument, defendant cites to the Los Angeles Superior Court decision in the state action, which held that CF Gainesville, GV1, and GV2 lacked standing to assert their UCL and FAL claims, and dismissed the claims with prejudice. Dkt. 57-1 Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Plaintiffs respond that their factual allegations are sufficient to maintain UCL and FAL claims at the pleading stage. Opp. at 3. Plaintiffs argue that the SAC demonstrates that SPG purchased the modules at plaintiffs' instruction with payment provided by plaintiffs, and plaintiffs would not have instructed SPG to purchase the modules if it were not for the warranties published on defendant's website. Id. at 3. Accordingly, plaintiffs contend that they relied on the guarantees of defendant's warranty when deciding to purchase the modules, and this reliance caused actual damages. Id. at 7.

Plaintiffs attempt to distinguish the Superior Court's holding that "the only entity that could have suffered an injury" under the UCL or FAL "is SPG." Opp. at 5. Plaintiffs note that the sole defendant in this case, Chint Solar, has not appeared in the state court action. Opp. at 7. Plaintiffs explain that "[t]he two defendants in the state court action, two U.S. subsidiaries of [d]efendant, do not have direct contractual privity with [p]laintiffs as the purchase orders were issued to [d]efendant in the present action, not the subsidiaries." Id. Here, plaintiffs contend that "the lack of privity" issue "[does] not exist." Id. at 8.

In its reply, defendant argues that plaintiffs cannot distinguish the Los Angeles Superior Court's decision, because here, plaintiffs also do not have "direct contractual privity" with defendant. Reply at 6.

Under the UCL, unfair competition is defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Bus. & Prof. Code § 17200. "There are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." In re Tobacco II Cases, 46 Cal.4th 298, 311 (2009) (citing Daugherty v. American Honda Motor Co., Inc., 144 Cal.App.4th 824, 837 (2006)).

Under the fraudulent business practice prong of the UCL, none of the elements of a common law fraudulent deception claim, including that the deception must be "reasonably relied upon by a victim who incurs damages" are required to state a claim. In re Tobacco II Cases, 46 Cal.4th at 298. Rather, "to state a cause of action" under the fraudulent prong of the UCL, "it is necessary only to show that members of the public are likely to be deceived." Day v. AT&T Corp., 63 Cal.App.4th 325, 332 (1998); see also In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

re Tobacco II Cases, 46 Cal.4th at 298 (noting that a violation of the UCL fraud prong is also a violation of the FAL).

With regard to standing, the UCL permits claims to be brought by any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Bus & Prof. Code § 17204. Further, a plaintiff must (1) establish a loss or deprivation of money or property sufficient to quantify as injury in fact, and (2) show the economic injury was the result of the unfair business practice. Epic Games, Inc. v. Apple Inc., 559 F. Supp.3d 898, 1052 (N.D. Cal. 2021) (citing Kwikset Corp. v. Superior Court, 51 Cal. 4th at 322 (2011)).

"The injury-in-fact requirement of the UCL incorporates standing under Article III of the United States Constitution." Epic Games Inc., 559 F.Supp.3d at 1052. Here, regardless of the fact that SPG directly purchased the modules, plaintiffs have alleged sufficient facts to show that they suffered a "concrete and particularized" injury caused by defendant's conduct. Lujan v. Defenders of Wildlife, 504 U.S. 55, 560 (1992).

Accordingly, while the Court acknowledges the Superior Court's decision, the weight of the case law suggests to the Court that plaintiffs have alleged facts sufficient to state a claim under the fraudulent prong of the UCL. The second amended complaint adequately alleges that plaintiffs suffered "significant economic loss" as a direct result of relying on the representations that defendant made regarding the defective modules. The SAC alleges specifically that "plaintiffs relied to their detriment on the product warranty and the performance warranty in their decision to purchase the modules," and that Chint Solar made a number of representations to plaintiff GV1 "to induce [plaintiffs] to purchase the modules." SAC ¶¶ 19, 50. The SAC also notes that SPG purchased the modules from Chint Solar in direct "connect with its duties" under its contract with plaintiffs. SAC ¶ 12.

Moreover, a cause of action under the UCL may be established independent of any contractual relationship between the parties. McAdams v. Monier, Inc., 182 Cal.App.4th 174, 188 (2010); McKell v. Washington Mutual, Inc., 142 Cal.App.4th 1457, 1470-71 (2006). As such, the parties' dispute about whether there is "direct privity of contract" between CF Gainesville and Chint Solar with regard to the module warranty is not relevant to whether plaintiffs have standing to bring UCL and FAL claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Even assuming *arguendo* that privity of contract is necessary for a claim under the UCL, it appears that privity of contract exists between GV1 and Chint Solar because the contract between SPG and plaintiffs "assigned all manufactures' warranties" to GV1.[3] SAC ¶ 10. "Under federal law, an assignee of a claim has standing to assert the injury in fact suffered by the assignor." Soundgarden v. UMG Records, Inc., 2020 WL 1815885 (internal quotations omitted); see id. ("An assignment is 'a manifestation to another person by the owner of the right indicating his [or her] intention to transfer . . . the right to such other person, or to a third person.'") (quoting Heritage Pac. Fin., LLC v. Monroy, 215 Cal.App.4th 972, 988 (2013)). Here, the SAC alleges an assignment of rights, and as such, the Court finds privity of contract exists between plaintiffs and defendant as to the module's warranty.

Accordingly, the Court denies defendants' motion for judgment on the pleadings with respect to plaintiffs' UCL and FAL claims.[4]

---

[3] At the time the contract between SPG and GV1 was executed, all of the Gainesville sites were owed by GV1. Subsequently, some of the Gainesville sites were conveyed to GV2 and GV3 "with assignment of all rights, warranties, titles and interest." SAC ¶ 11. Thereafter, GV3 dissolved and all of its interests were assigned to plaintiff CF Gainesville. Id.

[4] During the June 6, 2022 hearing, counsel for defendant argued that the Court is incorrect as to its tentative order on standing under the UCL. First, defendant reiterates its argument that there is no direct injury here because "plaintiffs did not pay for the modules." As discussed above, the Court does not find merit in this argument because plaintiffs pled in the SAC that the modules were "paid for by GV1 as part of the Contract price . . . at the time of delivery." SAC at 14. Second, in response to the Court's finding that the warranties were assigned to GV1, GV2, and GV3, defendant argued that a party does not have standing to bring a claim under the UCL as an assignee, citing to Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993 (2009). The case states that the UCL "does not authorize standing . . . by an association that has not itself suffered actual injury but seeks to act on behalf of its injured members." Id. To start, the Court has already found assignment of the contract is not necessary here, because privity of contract is not required to bring a claim under the UCL. More to the point, the case defendant cites focuses more on associational standing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

### B. Statute of Limitations

Defendant contends that plaintiffs' claim for breach of implied warranty is time-barred. MJP at 3. Citing to Mexia v. Rinker, Boat Co., Inc., 174 Cal. App. 4th, 1297, 1301 (2009), defendant notes that under California law, a cause of action for breach of implied warranty is subject to a four-year statute of limitations that accrues only at the time of delivery of goods.; Cal. Com. Code § 2725. Here, because plaintiffs allege that the modules were delivered and installed on June 6, 2011, defendants argue that the breach of implied warranty claim began accruing in 2011, and became untimely on June 6, 2015. MJP at 5.

Plaintiffs do not address the statute of limitations argument in their opposition. In reply, defendant argues that plaintiffs' failure to respond to the argument that their breach of implied warranty claim is time-barred is a concession that the claim should be dismissed. Ramirez v. Ghilotti Bros. Inc., 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013).

The Court notes that the statute of limitations for a breach of an implied warranty claim generally begins accruing at the time of delivery of goods. Cal. Com. Code § 2725. However, the Superior Court overruled defendant's demurrer on this point under the future performance exception to the four-year statutory period rule. Dkt. 57-1 Ex. B. Under the future performance exception, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered." Mexia, 174 Cal. App. 4th at 1396. Plaintiffs' SAC alleges that the modules

---

than on assignment. Further, Amalgamated Transit Union *does permit* associational standing under the UCL if there is an "injury in fact." The only mention of assignment in Amalgamated Transit Union, is that assignment cannot confer standing to an "*uninjured* assignee," and therefore, in that case, plaintiff labor union did not have associational standing to bring a representative action under the UCL because the union was not the "aggrieved employee." Id. (emphasis added). However, here, the Court has determined that plaintiffs are injured assignees, who paid for and suffered direct injury due to the failure of the Modules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

were expressly warrantied to perform at a certain level for 10 and 25 years, respectively, following the date of shipment:

> The Module Warranty also contains a limited performance warranty under which "Chint Solar warrants that [if] any module[s] exhibits a power output less than 90% of the minimal 'Peak Power at STC' specified at delivery within 10 years as from the date of shipment from the date of shipment from Chint Solar, or any module[s] exhibits a power output less than 80% of the minimal 'Peak Power at STC' specified at delivery within a period of 25 years as from the date of shipment from Chint Solar…Chint Solar… will replace such loss in power by either providing additional Modules to the customer to make up for such loss in power…or by replacing the defective modules…" (the "Performance Warranty").

SAC ¶ 18.

Defendant filed a supplemental brief, arguing that the future performance exception does not apply here, and the claim is time-barred, because the future performance exception only applies to express warranty claims. Supp. Brief at 1. After further review of the case law, the Court agrees that the future performance exception does not apply to implied warranty cases under the Uniform Commercial Code ("UCC"). The case the Los Angeles Superior Court relied on, Mexia, 174 Cal. App. 4th, at 1296, permitted the future performance exception for an implied warranty specifically under the Song-Beverly Consumer Warranty Act, whereas in the SAC, plaintiffs' breach of warranty claim is based on UCC §2-315. Id. (noting the "change from the Uniform Commercial Code, under which the implied warranty could be breached only at the time of delivery"); see also MacDonald v. Ford Motor Company, 37 F. Supp. 3d 1087, 1100 (N.D. Cal. 2014) (noting that Mexia is "a case contrary to established California case law with respect to the duration of the implied warranty of merchantability").

At least one other federal district court in the Central District has extended the statute of limitations on a plaintiff's breach of implied warranty claim. See Ehrlich v. BMW of N. Am., LLC., 801 F. Supp. 2d 908, 924 (C.D. Cal. 2010) (holding that a manufacturer's express warranty extended the statute of limitations on plaintiff's breach of implied warranty claim under the future performance exception under California's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Song-Beverly Act).  However, Mexia and Ehrlich are contrary to Ninth Circuit precedent and the weight of the case law.

Indeed, the Ninth Circuit has held that "[t]he future-performance exception does not apply to [] implied warranty claims because implied warranties do not explicitly extend to future performance."  J.B. Painting & Waterproofing, Inc. v. RGB Holdings, LLC, 640 F. App'x 450, 453 (9th Cir. 2016).  See also Western Recreational Vehicles, Inc. v. Swift Adhesives, Inc., a Div. of Richhold Chemicals, Inc., 23 F.3d 1547, 1550 (9th Cir. 1994) (holding that "no implied warranties can . . . extend to future performance") (internal citations omitted); MacDonald, 37 F. Supp. 3d at 1100 ("Because [p]laintiffs' cause of action is for breach of an implied warranty, the future performance exception is inapplicable to their claim.").

In its reply to the supplemental briefing, plaintiffs argue that even if the future performance exception does not apply, the delayed discovery rules applies here, and therefore plaintiffs' implied warranty claim is not time-barred.  Reply to Supp. Briefing at 3-4. The Court notes that federal district courts within the California are divided on this issue:

> For example, while the parties dispute whether the "delayed discovery rule" applies to implied warranty claims, some courts have held that it does apply to toll the statute of limitations. See Ehrlich v. BMW of N. Am., LLC, 801 F.Supp.2d 908, 924-25 (C.D. Cal. 2010) (holding that existence of express warranty tolled the statute of limitation "until Plaintiff reasonably knew that his MINI would not perform as it should, which did not occur until his windshield cracked and BMW would not replace it" and this tolled the statute of limitations on Plaintiff's implied warranty claim as well); Falco v. Nissan N. Am. Inc., No. 13-cv-0686, 2013 WL 5575065 (C.D. Cal. Oct. 10, 2013) ("Following the holding in Ehrlich, Plaintiffs' claims are not time barred because [defendant's] five-year warranty tolled the running of the implied warranty's statute of limitations."). But see MacDonald v. Ford Motor Co., 37 F.Supp.3d 1087, 1101 (N.D. Cal. 2014) (finding "the reasoning in Ehrlich to be unpersuasive" and "that the statute of limitations on Plaintiffs' Song–Beverly claim is not tolled by any express warranty, and is limited to four years from the breach of implied warranty."); Philips v. Ford Motor Co., 2016 WL 1745948, at *12-13 (discussing both lines of cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:21-CV-02654-CAS (RAOx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | CF GAINESVILLE INVESTOR, LLC V. ASTROENERY SOLAR, INC. ET AL. | | |

Cavale v. Ford Motor Co., No. 118CV00680LJOBAM, 2018 WL 3811727, at *3 fn. 5 (E.D. Cal. Aug. 9, 2018).

Because there is not a consensus among courts about whether the delayed discovery rule applies to implied warranty claims, and there is no precedential authority on the issue, the Court finds it appropriate to deny the motion to dismiss on this issue. See Daniel v. Ford Motor Co., 806 F.3d 1217, 1223 (9th Cir. 2015) ("Absent convincing evidence that the California Supreme Court would decide the issue in Mexia differently, its rule that [Cal. Civ. Code. § 1791.1—Implied Warranty; definition; duration; remedies of buyers] "does not create a deadline for discovering latent defects or for giving notice to the seller," 95 Cal.Rptr.3d at 288, must be followed.").

Accordingly, the Court denies defendants' motion for judgment on the pleadings as to plaintiffs' implied warranty claim.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for judgment on the pleadings.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |